34 F.3d 1076
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles LEE, Plaintiff-Appellant,
v.
Jack COWLEY, Warden, Joseph Harp Correctional Center, Karen
M. Kriz, Assistant Attorney General for the State
of Oklahoma, Defendants-Appellees.
 No. 94-7040.
 United States Court of Appeals, Tenth Circuit.
 Sept. 12, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Charles Lee appeals the dismissal of his complaint filed under 42 U.S.C.1983 against the warden of the Joseph Harp Correctional Center and an Assistant Attorney General of the State of Oklahoma. Mr. Lee alleged while incarcerated in the correctional center he was beaten and raped by two other prisoners. Citing various constitutional provisions, he sought compensatory and punitive damages from the defendants.
 
 
 3
 Defendants filed a motion to dismiss and a brief setting forth a number of grounds for dismissal. The district court responded with a minute order dismissing the action "for all the reasons stated by defendants in their motion." No other reason was advanced by the court for its action.
 
 
 4
 We have examined the record and concluded the motion to dismiss truly presents a smorgasbord of reasons for dismissal, but the most sumptuous is the statute of limitations. The acts of which Mr. Lee complains occurred in June, 1991, but the complaint was not filed until December, 1993. Because the statute of limitations for 1983 actions in Oklahoma is two years, Meade v. Grubbs, 841 F.2d 1512, 1523 (10th Cir.1988); Okla. Stat. Ann. Tit. 12, 95(3), this suit was barred at its inception. Although the court does not condone what happened to Mr. Lee, he plainly failed to exercise his right to sue within the time required by law; therefore, his right has been lost.
 
 
 5
 Nevertheless, it should also be made plain to Mr. Lee the defendants he chose to sue are not responsible for the injury he sustained. They took no action to cause his injury; therefore, neither the law nor justice requires them to pay for the harm he sustained.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470